Middle Paxton Township, Appellant *v.* Ernest W. Sweitzer, Appellee.

Argued December 5, 1975, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Jeffrey A. Ernico,* with him *Yoffe & Ernico,* for appellant.

*Robert A. Enders,* for appellee.

OPINION BY JUDGE ROGERS, January 20, 1976:

The demurrer of Ernest W. Sweitzer to Middle Paxton Township's Complaint in Equity was sustained in the court below and the Township has appealed.

The complaint alleges that Mr. Sweitzer owns a lot in a subdivision which had been approved pursuant to the Township's Subdivision and Land Development Ordinance; that Mr. Sweitzer commenced construction of a two-family dwelling on his lot without a building permit required by a Township Ordinance and after being notified of his delinquency, he applied for and was refused a permit; that Mr. Sweitzer then submitted a second application coincident with which he orally assured the Chairman of the Township's Board of Supervisors and its solicitor that he was constructing a single-family dwelling, and that the Township, relying on this representation, issued a permit; that Mr. Sweitzer intended to, and did continue, to construct a two-family residential structure; that the Township has ordered him to cease and desist his construction activity[1]; that Mr. Sweitzer has refused to comply with this order; and that the construction of the two-family dwelling on the lot offends a provision of the Township's Subdivision and Land Development Regulations requiring that multi-family units be placed on lots containing 15,000 square feet per unit and located "separate and apart from single family dwellings." The Complaint requests that Mr. Sweitzer be enjoined from further construction.

Mr. Sweitzer's demurrer objected that the provision of the Township's Subdivision and Land Development Ordinance pleaded is invalid and unenforceable because it is a zoning regulation and beyond the power of the Township to enact and enforce as a subdivision regula-

---

1. We deem this allegation to be a sufficient statement that the building permit was revoked.

tion. The lower court agreed with Mr. Sweitzer, sustained the demurrer and dismissed the Complaint. It further ordered, however, that Mr. Sweitzer make another application for a building permit on which he would clearly describe the structure intended to be constructed.

The parties thoroughly briefed and argued and the court below discussed the differences between the zoning power, on the one hand, and the subdivision and land development power, on the other. We believe that these considerations, while interesting and important and, we may add, ably treated in the lower court's opinion, are not completely dispositive of the issue of whether the complaint states a cause of action. It is not disputed that the Township's ordinance relating to building permits, an enactment entirely separate from its Subdivision and Land Development Regulations, validly prohibits any construction without a building permit. It is plain, therefore, that Mr. Sweitzer has no right to continue to build without a permit, regardless of the unsoundness as a matter of law of the basis for the Township's action in withdrawing its permission. His remedy is not to continue to build without a permit, but to establish his right to, and obtain, a permit by suit in mandamus.[2] While it is apparent that the issue of the validity of the subdivision regulation on which the Township based its cease and desist order would be the subject of a mandamus action seeking reinstatement of the permit, we believe that we should not by affirming the order below provide even the suggestion of a precedent that a permissible means of contesting the refusal to issue or reinstate a permit, incontestably required, is to proceed with construction without permit.

---

2. Middle Paxton Township has no zoning ordinance. Preconstruction permits required by *zoning* ordinances are often referred to as building permits and an additional remedy for the refusal to issue or to obtain reinstatement of such *zoning* permits is by appeal to the Zoning Hearing Board.

Being satisfied that the plaintiff has stated a cause of action based upon its ordinance requiring a building permit for Mr. Sweitzer's dwelling house, we reverse the order below and remand for further proceedings consistent herewith.